MARTIN WYCKOFF ET AL. v. JOHN BODINE.

Argued February 28, 1900—Decided June 11, 1900.

B., who was the owner of a wood-lot, sold to W. the timber growing thereon, under an agreement that the latter should cut and remove it within two years. W. failed to remove a certain portion of the timber within the stipulated time, whereupon B. converted it to his own use. *Held*, that, in an action for the wrongful conversion, the measure of damages was the market value of the timber; and that the fact that W.'s conduct, in leaving the timber upon B.'s land, after the expiration of the time limit, was itself an actionable wrong, afforded no ground for reducing the damages resulting from the conversion.

On error to the Warren Circuit Court.

Before DEPUE, CHIEF JUSTICE, and Justices VAN SYCKEL and GUMMERE.

For the plaintiffs, *Martin Wyckoff*.

For the defendant, *Oscar Jeffery*.

The opinion of the court was delivered by

GUMMERE, J.  Plaintiffs purchased from the defendant the standing timber upon a certain wood-lot belonging to him. At the time of the purchase it was agreed between the parties that plaintiffs should have two years within which to cut the timber and remove it from defendant's land.  After the expiration of the time agreed upon the defendant took possession of a certain portion of the timber which plaintiffs had failed to remove, and converted it to his own use.  To recover damages for this tortious act this suit was brought.

In his charge to the jury the trial judge instructed them as follows, on the measure of damages: "The ascertainment of the market value of the timber will not settle the amount that the plaintiffs are entitled to recover, for this reason: they saw fit to leave this lumber on the land of the defendant after the two years had expired, and, after the expiration of that two years, they had no more right to go upon that land to remove the timber than you or I would have had; if they had done so without defendant's permission they would have been trespassers, and so become liable to pay him damages for their wrongful act.  So, gentlemen, you are confronted with this question, which you must settle: What damages have the plaintiffs suffered by the conversion by the defendants of this timber which belonged to them, but which they had no right to remove from his land without his consent?  When you have ascertained that, you will be able to say what amount they are entitled to recover in this suit."  To these instructions the plaintiffs excepted, and we think the exception well grounded. The leaving by the plaintiffs of this timber upon the land of the defendant, after the expiration of the period provided by the contract was an actionable wrong, but it afforded no ground for denying absolutely their right to subsequently remove their property, and, if defendant had refused to permit them to do so, upon demand, an action of replevin would have lain

against him for the recovery of its possession. It is argued that, as the defendant was entitled to be indemnified for all loss sustained by him by having had his land illegally burdened by the plaintiffs in leaving their timber there after the expiration of the two years, the practical effect of the charge was to permit the deduction of that loss from the damages resulting from the conversion. We think the charge more injurious to plaintiffs than this argument suggests, but even if its legal effect was as is contended, still it was objectionable. It is true that the presence of the timber upon defendant's land, after the expiration of the time limit, gave him a right of action against the plaintiffs for their interference with the full enjoyment of his property, but this could not properly be considered in determining the damages arising from its wrongful conversion. The issue to be tried was conversion or no conversion, and there could, necessarily, be no testimony legally in the case bearing upon the question of the loss sustained by the defendant by the wrongful encumbering of his land, and, consequently, nothing by which the jury could determine that loss. The plaintiffs were entitled to have the market value of the property converted awarded to them, leaving the defendant to recover in an independent action, such loss as he had sustained by having had his lands wrongfully obstructed by it.

The judgment of the Circuit Court must be reversed.